**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VINCENT C. WHITE, | No. 13-56787 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-04622-RGK-JC |
| v. | |
| EASTSIDE UNION SCHOOL DISTRICT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Vincent C. White appeals pro se from the district court's summary judgment

in his employment action alleging disparate treatment, disparate impact, and

retaliation claims under Title VII. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on White's disparate treatment claim because White failed to raise a genuine dispute of material fact as to whether his job performance was satisfactory, or whether similarly situated individuals outside of his protected class were treated more favorably. *See id.* at 603 (requirements for disparate treatment claim).

The district court properly granted summary judgment on White's disparate impact claim because White failed to raise a triable dispute as to whether the substitute teacher evaluation form caused a disparate impact. *See Stout v. Potter*, 276 F.3d 1118, 1122 (9th Cir. 2002) ("It is not sufficient to present evidence raising an inference of discrimination on a disparate impact claim. The plaintiff must actually prove the discriminatory impact at issue." (citation and internal quotation marks omitted)); *see also id.* at 1123 ("[T]he probative value of any statistical comparison is limited by the small available sample.").

The district court properly granted summary judgment on White's retaliation claim because White failed to raise a triable dispute as to whether there was a causal link between the protected activity and an adverse employment action. *See*

13-56787

*Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003) (elements of a prima facie case of retaliation).

The district court did not abuse its discretion in denying White's discovery requests and his Fed. R. Civ. P. 56(d) motion because White failed to show that the discovery he requested was essential to oppose summary judgment. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (9th Cir. 2002) (setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (trial court has broad discretion to deny a motion to compel).

The district court did not abuse its discretion in denying White's motion for reconsideration because White failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and explaining circumstances warranting reconsideration).

The district court did not abuse its discretion in awarding defendant costs in the amount of $3,448.00. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 n.12 & at 945-46 (9th Cir. 2003) (setting forth standard of review and explaining that the district court reasonably exercised discretion in determining that the

reasons advanced by the losing party were not sufficiently persuasive to overcome the presumption of a fee award).

We reject White's contentions that the district court judge was biased and improperly denied his request to proceed in forma pauperis on appeal.

**AFFIRMED.**